**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JANINE ZIAHET and | ) | |
| MONDAKAN OCTAVIEN ZIAHET, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 4:16-cv-00188-ALM |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN F. KELLY[1], Secretary of the | ) | |
| Department of Homeland Security; | ) | |
| THE DEPARTMENT OF HOMELAND | ) | |
| SECURITY; JAMES McCAMENT[2], | ) | |
| Acting Director of the United States | ) | |
| Citizenship and Immigration Services; | ) | |
| TRACY TARANGO, Field Office | ) | |
| Director, United States Citizenship | ) | |
| And Immigration Services; and | ) | |
| THE UNITED STATES CITIZENSHIP | ) | |
| AND IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1), 12(b)(5), and 12(b)(6)**

Now come the Defendants, John F. Kelly, Secretary of the Department Of

Homeland Security, the Department Of Homeland Security, James McCament, Acting

Director of the United States Citizenship and Immigration Services, Tracy Tarango, Field

Office Director, United States Citizenship and Immigration Services, and the United

States Citizenship and Immigration Services, by and through the Acting United States

---

[1]  Pursuant to Fed. R. Civ. P. 25(d), John F. Kelly automatically replaced Jeh Johnson as the Secretary of the U.S. Department of Homeland Security.

[2]  Pursuant to Fed. R. Civ. P. 25(d),  James McCament automatically replaced Leon Rodriguez as the Acting Director of the U.S. Immigration and Citizenship Services.

Attorney for the Eastern District of Texas, and respectfully move for dismissal of

Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of

subject matter jurisdiction, 12(b)(5) for failing to properly effect service of process on the

Defendants, and 12(b)(6) for failure to state a claim.

## I.      INTRODUCTION, SUMMARY OF  THE ARGUMENT, AND STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

According to the Complaint, on August 27, 2009, Plaintiff Janine Ziahet, a U.S.

citizen, married Co-Plaintiff Mondakan Octavien Ziahet, an undocumented alien.  *See*

Doc.1 at pp. 2 and 6.   On April 7, 2010, Mrs. Ziahet filed a visa petition form I-130 for

Mr. Ziahet, seeking to classify him as an immediate relative spouse of a U.S. citizen,

under 8 U.S.C. § 1151(b)(2)(A)(i); that petition was approved on October 7, 2010.  *Id*. at

p. 6 and at Exhibit D of the Complaint.  On July 29, 2013, Mr. Ziahet filed an application

to adjust his status to that of a lawful permanent resident, form I-485, under 8 U.S.C. §

1255(a).  Doc. 1 at Ex. A.  That application was denied by USCIS on April 22, 2015,

because Mr. Ziahet could not prove that his entry into the U.S. was lawful.  Doc. 1 at p. 7

and at Ex. A.

On March 18, 2016, Plaintiffs filed the instant Complaint with the Court seeking

judicial review of the USCIS Field Office Director's decision to deny Mr. Ziahet's

application to adjust status and to not initiate removal proceedings.  Doc. 1. at p. 2.

Plaintiffs allege that the denial of the form I-485 was in violation of the Administrative

Procedures Act ("APA", *see* 5 U.S.C. §§ 701, *et. seq*.) and the due process clause of the

United States Constitution, and seek declaratory and injunctive relief.  *See id.*

On April 7, 2017, U.S. Immigration and Customs Enforcement filed a Notice to Appear with the Dallas Immigration Court, placing Mr. Ziahet in removal proceedings under 8 U.S.C. § 1229a.  *See* Exhibit 1 attached, being form I-862 Notice to Appear issued to Mondakan Silvese Octavien Ziahet.

The Complaint must be dismissed.  First, there is no subject matter jurisdiction to entertain Plaintiffs' challenges to the denial of the form I-485.  Rather, Plaintiffs' challenge to the determination regarding the I-485 is barred by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("REAL ID Act").  Such a challenge is also unexhausted and not final.

In addition, the complaint should be dismissed for failure to comply with the rules governing service of process.  The Plaintiffs have never served the three individually named government officers and employees sued in their official capacities as defendants or the two federal agencies named as defendants, nor have they served the Attorney General of the United States as required by the Federal Rules of Civil Procedure.  The Plaintiffs have filed executed summonses showing that service has only been made on the Office of Immigration Litigation for the U.S. Department of Justice (who is not a defendant), and on the United States attorney for the Eastern District of Texas.  This is not proper service under Fed. R. Civ. P. 4(i).

Therefore, all of the claims should be dismissed due to a lack of subject matter jurisdiction, failure to effect service of process on the defendants, and failure to state a claim upon which relief can be granted.

3

## II.     STATEMENT OF ISSUES

A.     Whether Plaintiffs' challenge to the determination regarding the lawful permanent resident status application is jurisdictionally barred by the REAL ID Act, a lack of finality, and a failure to administratively exhaust.

B.     Whether Plaintiffs have failed to effect service of process on the Defendants as required by Fed. R. Civ. P 4(i) and 4(m), thus requiring dismissal pursuant to Fed. R. Civ. P. 12(b)(5).

## III.     STANDARDS OF REVIEW

### A.     Rule 12(b)(1) legal standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the competence of that court. The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists." *Lowe v. Ingalls Shipbuilding, Div. of Litton Sys., Inc.,* 723 F.2d 1173, 1177 (5th Cir. 1984). The party asserting jurisdiction bears the burden to prove jurisdiction when facing a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

Motions to dismiss for lack of subject-matter jurisdiction take two forms: (1) facial attacks; and (2) factual attacks.  *See Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981).  Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true.

*Id.*  In a factual attack, the movant goes beyond the allegations in the complaint and

challenges the facts upon which subject matter depends.  *Id.*  In such a situation, the court

must look beyond the complaint and has wide discretion to allow documentary and even

testimonial evidence under Rule 12(b)(1).  *Id.*; *see also Stanley v. Cent. Intelligence*

*Agency,* 639 F.2d 1146, 1157-58 (5th Cir. 1981) (unlike a Fed. R. Civ. P. 12(b)(6) motion

to dismiss, a motion to dismiss for lack of subject-matter jurisdiction may consider

materials outside of the pleadings without it converting into a motion for summary

judgement).

### B.  Rule 12(b)(5) legal standard

Fed. R. Civ. P. 4(i) specifies the proper method of service on the United States, its

agencies, and employees.  It provides, in pertinent part, that:

> **(1) United States**.  To serve the United States, a party must:
>
>> **(A)**     **(i)**  deliver a copy of the summons and of the
>> complaint to the *United States attorney* for the
>> district where the action is brought - or to an
>> assistant *United States attorney* or clerical employee
>> whom the *United States attorney* designates in a
>> writing filed with the court clerk – or
>>
>>       **(ii)**  send a copy of each by registered or
>> certified mail to the civil-process clerk at the *United*
>> *States attorney's office*;
>>
>> **(B)**  send a copy of each by registered or certified mail
>> to the Attorney General of the United States at
>> Washington,  D.C.; *and*
>>
>> **(C)**  if the action challenges an order of a nonparty
>> agency or officer of the United States, send a copy of
>> each by registered or certified mail to the agency or
>> officer.

> **(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity**.  To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(1) and (2) (emphasis added).

Furthermore, Fed. R. Civ. P. 4(m) proscribes a time limit for service of process.  It provides that:

> **(m)  Time Limit for Service**.  If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

## C.    Rule 12(b)(6) legal standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must frame a complaint with enough factual matter, taken as true, to suggest that he or she is entitled to relief.  *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)).  In addition, the "factual allegations must be enough to raise a right to relief above the speculative level."  *In re: Great Lakes Dredge & Dock Co., LLC,* 624 F.3d 201, 210 (5th Cir. 2010) (*citing Twombly,* 550 U.S. at 555).  Complaints that are no more than "labels and

conclusions" or a "formulaic recitation of the elements of a cause of action . . . will not do." *Twombly,* 550 U.S. at 555-56; *see also Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, LP,* 620 F.3d 465, 467 (5th Cir. 2010).  Moreover, "the claim to relief must be 'plausible on its face'" and not just conceivable or speculative. *Twombly,* 550 U.S. at 570; *Gentilello v. Rege,* 627 F.3d 540, 544 (5th Cir. 2010).  The Supreme Court further explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 129 S.Ct. 1937, 1949 (2009).  In addition, documents attached to the complaint are considered part of the pleadings, and the district court may also consider documents referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity.  *See Causey v. Sewell-Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004).

## IV.    ARGUMENT

## A.    PLAINTIFFS' CHALLENGE TO THE USCIS DENIAL OF THE ADJUSTMENT OF STATUS APPLICATION IS BARRED BY THE REAL ID ACT, A LACK OF FINALITY, AND THE FAILURE TO EXHAUST

### 1.    Title 8 U.S.C. § 1252 precludes District Court jurisdiction.

In the instant Complaint, Mr. Ziahet challenges the USCIS denial his application to adjust his status.  However, 8 U.S.C. § 1252(a)(2)(B)(i) when read in conjunction with 8 U.S.C. § 1252(a)(2)(D) makes clear that although courts generally do not have jurisdiction to review determinations regarding obtaining relief pursuant to 8 U.S.C. § 1255 (adjustment of status), when such a claim is based on a constitutional or legal issue, the matter is to be reviewed in a petition for review to the appropriate court of appeals.

However, district courts still do not have jurisdiction to rule on such issues.  Moreover, because these legal issues can be raised in removal proceedings in which Mr. Ziahet has been placed, 8 U.S.C. §§ 1252(a)(5) and (b)(9) require that, if he does not obtain relief therein, any legal challenge to the denial of his adjustment of status application be adjudicated solely in a petition for review to the court of appeals and in no other court.

This means that this Court is prohibited by these statutes from taking jurisdiction over the Plaintiffs' claims because the REAL ID Act built a legislative scheme intended to consolidate all review of any issues arising in removal proceedings, including determinations of removability and judgments regarding relief from removal, within judicial review of a final order of removal in the court of appeals. 8 U.S.C. § 1252. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), and the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("the REAL ID Act"), 8 U.S.C. § 1252 now states, in relevant part, that:

> (a)(2)(D) Judicial review of certain legal claims. Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

> (a)(5) Notwithstanding any other provision of law (statutory or nonstatutory), ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include . . . sections 1361 and 1651 of

such title [28], and review pursuant to any other provision of law (statutory or nonstatutory).

(b)(9) Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to removal an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section. Except and otherwise provided in this section, no court shall have jurisdicition, ... by section 1361 or 1651 of such title [28], or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

(d) Review of final orders. A court may review a final order of removal only if--

    (1) the alien has exhausted all administrative remedies available to the alien as of right, and

    (2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

(g) Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including . . . sections 1361 and 1651 of such title [28], no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to *commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

(Emphasis added).

    In *Ayanbadejo v. Chertoff,* 517 F.3d 273, 276-77 (5th Cir. 2008), the Fifth Circuit explained that the REAL ID Act stripped district courts of jurisdiction to review adjustment of status determinations ("The law makes clear that we and the district court lack jurisdiction over determinations made with respect to an I–485 application for permanent resident status under § 1255").  As more thoroughly explained in *Djodeir v. Mayorkas,* 657 F. Supp. 2d 22, 24 (D. D.C. 2009), a case which relied upon *Ayanbadejo*:

> Section 1252(a)(2)(B)(i) explicitly places any judgment regarding the granting of relief under section 1255, which provides the statutory authority for adjustment of status applications, in this category of discretionary decisions that no court have jurisdiction to review. . . Furthermore, it applies whether or not the judgment is made in removal proceedings.  To the extent that legal determinations like statutory eligibility are subject to judicial review, they are reviewable only by our Circuit Court on a petition for review of a final removal order pursuant to Section 1252(a)(2)(D), which Congress added when it enacted the REAL ID Act in May 2005. . . . Indeed, if Section 1252(a)(2)(B) did not foreclose judicial review of purely legal questions like statutory eligibility, there would be no need to except questions of law from the jurisdictional bar.  In short, …[it] would render subparagraph (D) superfluous.

*Id.  See also Pizarro v. Holder,* 326 Fed. Appx. 37, 39-40 (2d Cir. 2009) ("Pursuant to IIRIRA, Congress amended the INA to preclude judicial review of "any judgment regarding the granting of relief under among others, Section 245. . . .  The scope of the IIRIRA's jurisdiction-stripping provision was subsequently limited by the REAL ID Act, . . . which provides that nothing in the INA which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals.").

In an effort to conserve judicial resources and allow agency experts to develop the record, Congress has vested "the sole and exclusive means for judicial review of an order issued under any provision of this chapter," including review of "constitutional claims or questions of law," in the courts of appeal. 8 U.S.C. §§ 1252(a)(5) and (a)(2)(D), respectively.

Here, the Plaintiffs' claims relate to questions of law currently before the immigration court.  Namely, the issue is whether that administrative body will grant Mr. Ziahet's adjustment of status application based upon the same legal arguments that he

brings before this Court.  If the immigration court decides the question of law against him and he is ordered removed, he could then appeal that matter to the Board of Immigration Appeals.  *See* 8 C.F.R. § 1003.3.  If the matter was still not decided in his favor, he would then be entitled to judicial review in a Petition for Review to the Fifth Circuit Court of Appeals.  *See* 8 U.S.C. 1252(b).  Therefore, review of such a question of law is not allowed in the district court, but is reserved to the courts of appeals. *See* 8 U.S.C. §§1252(a)(2)(D), (b)(9), and (d).

This consolidation of issues for judicial review under 8 U.S.C. § 1252 is consistent with other immigration statutes providing for judicial review at one time and in one place on all issues relating to an alien's proposed removal.  *See Loya v. INS,* 583 F.2d 1110, 1114 (9th Cir. 1978) ("Courts should not ignore the congressional intent of locating alien status disputes in administrative agencies and not the federal courts").   By avoiding piecemeal litigation of immigration issues by various administrative and judicial bodies concurrently, Congress sought to avoid repeated court challenges that only delayed removal proceedings and taxed the judicial system.  *See* H.R. Rep. No. 109-72 at 174 (2005) (Conf. Rep.).

The channeling provisions also accrue to the benefit of Mr. Ziahet since the opportunities to develop a record and for relief during removal proceedings are quite extensive.  First, the immigration judge may grant adjustment of status under 8 U.S.C. § 1255 during removal proceedings.  8 C.F.R. § 1240.1(a)(1).  Second, the immigration judge is authorized to grant waivers of inadmissibility that may be needed to qualify the alien for admission, and therefore for adjustment of status. 8 C.F.R. § 1240.11(a)(2).

Finally, administrative appeal of an adverse decision may be had as a matter of right to the Board of Immigration Appeals, which itself has broad powers to remedy agency errors. 8 C.F.R. § 1003.1(b)(3).

### 2.     USCIS's action is not "final" and thus cannot provide a basis for jurisdiction under the APA.

In their complaint, the Plaintiffs cite the APA as a basis for jurisdiction.  Section 704 of the APA provides review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.  Reliance on the APA is misplaced, however, because the APA itself does not create an independent basis for jurisdiction and the challenged agency action is not "final" under the meaning of section 704.

First, the APA does not provide an independent jurisdictional basis.  *See Califano v. Sanders,* 430 U.S. 99, 107 (1977); *Staacke v. U.S. Department of Labor,* 841 F.2d 278, 282 (9th Cir. 1988).  Rather, it merely provides the standards for reviewing agency action once jurisdiction is otherwise established. *Staacke,* 841 F.2d at 282.

Second, the decision of the Dallas Field Office Director denying Mr. Ziahet's I-485 application is not "final" for purposes of review under 5 U.S.C. § 704.  The judicial doctrine of "finality" is distinct from that of "exhaustion" and recognizes the fluidity of the decision-making process entrusted to agencies.  *See Darby v. Cisneros,* 509 U.S. 137, 144 (1993) ("The finality requirement is concerned with whether the initial decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury.") (quoting *Williamson County Regional Planning Comm'n v. Hamilton Bank of*

*Johnson City,* 473 U.S. 172, 193 (1985)).  Accordingly, the Fifth Circuit has held that if

an initial agency action may be modified or reversed during administrative review, the

decision is rendered non-final for purposes of judicial review while that administrative

review is pending.  *See Peoples Nat. Bank v. Office of Comptroller of Currency of the*

*United States,* 362 F.3d 333, 337 (5th Cir.2004).

In accordance with 8 C.F.R. § 245.2(c), Mr. Ziahet has the right in removal

proceedings to "renew" his application to adjust status in order to seek favorable action.

*See also* 8 C.F.R. § 245.2(a)(5)(ii) ("No appeal lies from the denial of an application by

the director, but the applicant. . . retains the right to renew his or her application in

proceedings under 8 C.F.R. part 240.").  Under such circumstances, the prior agency

denial is irrelevant: the immigration judge alone has jurisdiction over the renewed

requests to adjust status and is not bound by earlier agency determinations.  *See* 8 C.F.R.

§ 245.2(a)(1) ("After an alien, other than an arriving alien, is in deportation or removal

proceedings, his or her application for adjustment of status under section 245 . . . shall be

made and considered only in those proceedings").  *See also Offiiong v. Holder,* 864

F.Supp.2d 611, 628 (SD. Tex 2012)("When removal proceedings are pending, further

administrative relief is available and there is no final agency decision for judicial

review.")

Third, "[w]here relief is available from an administrative agency, the plaintiff is

ordinarily required to pursue that avenue of redress before proceeding to the courts, and

until that recourse is exhausted, suit is premature and must be dismissed." *Reiter v.*

*Cooper,* 507 U.S. 258, 269 (1993).  Accordingly, under statute, Mr. Ziahet is required to

exhaust "all administrative remedies available to the alien as of right" before seeking judicial review in an appellate court.  8 U.S.C. § 1252(d)(1); *see also American Airlines, Inc. v. Herman,* 176 F.3d 283, 292 (5th Cir. 1999)( "[t]he requirement that the reviewable order be 'definitive' in its impact on the rights of the parties is something more than a requirement that the order be unambiguous in legal effect.  It is a requirement that the order have some substantial effect *which cannot be altered by subsequent administrative action.*"), quoting *Atlanta Gas Light Co. v. Federal Power Comm'n,* 476 F.2d 142, 147 (5th Cir.1973).

Finally, Mr. Ziahet may not choose to forego renewing his application to adjust before the immigration judge in an effort to claim that USCIS' decision is still final.  Such forum manipulation is contrary to the statutory framework enacted by Congress.  Allowing Mr. Ziahet to raise his claims in district court would effectively "bypass the administrative process" and undermine Congress' intent to streamline judicial review and conserve judicial resources.  *Kurfees v. INS,* 275 F.3d 332 (4th Cir. 2001).

3.    **The Plaintiffs may not rely on general grants of jurisdiction that conflict with the specific limiting provisions of 8 U.S.C. § 1252.**

The Plaintiffs assert that jurisdiction exists under 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. §§ 2201 & 2202 (declaratory judgment); and 5 U.S.C. §§ 701 *et seq*. (the APA).  These provisions cannot provide a basis for jurisdiction because they are general grants of jurisdiction.  As explained above, jurisdiction does not lie because it is specifically precluded by statute.  See 8 U.S.C. § 1252(b)(9); *Nuclear Info. & Res. Serv. v. DOT Research,* 457 F.3d 956, 958-959 (9th Cir. 2006) ("where a

federal statute provides for direct review of an agency action in the court of appeals, such specific grants of exclusive jurisdiction to the courts of appeals override general grants of jurisdiction to the district courts") (internal citations omitted).

The statutes and provisions cited by the Plaintiffs are general grants of jurisdiction, whereas 8 U.S.C. § 1252 implements a specific procedural scheme created by Congress to limit review in this precise scenario, i.e., where aliens seek review of a decision under 8 U.S.C. § 1255.  *See Gallanosa by Gallanosa v. United States,* 785 F.2d 116, 119-21 (4th Cir. 1986) (concluding in view of INA's exhaustion-of-remedies provision that district court lacked jurisdiction over complaint by alien invoking the Constitution, 28 U.S.C. § 1331, 8 U.S.C. § 1329, and 5 U.S.C. §§ 701-706 as bases for jurisdiction).

This exact issue was addressed by the 5th Circuit in *Cardoso v. Reno,* 216 F.3d 512 (5th Cir. 2000).  In *Cardoso*, the plaintiff filed suit in the District Court, seeking review of the INS's denial of her application to adjust status.  Although the Attorney General had not initiated removal proceedings against the plaintiff, she alleged that the denial was erroneous and subjected her to the risk of deportation.  The 5th Circuit dismissed, holding that the court may not exercise jurisdiction, because the plaintiff had not yet exhausted her administrative remedies.  Specifically, the court explained that the plaintiff's right to renew her application for adjustment of status in removal proceedings rendered her claim unexhausted, even though removal proceedings had not yet been initiated against the plaintiff.  *Id.* at 518 (citing 8 C.F.R. § 245.2(a)(5)(ii)(1999) ("No appeal lies from the denial of an application by the director, but the applicant, if not an

arriving alien, retains the right to renew his or her application in [removal]

proceedings.").

The general grants of jurisdiction cited by the Plaintiffs are insufficient to

overcome Congress' clear mandate to consolidate claims for relief in petitions for review

before the appropriate appellate court. The Plaintiffs' action should be dismissed.

### 4.    The Plaintiffs may not challenge the Government's decision when to commence removal proceedings.

In their complaint, the Plaintiffs appear to request that the Court review the

Government's prior decision to not commence removal proceedings against Mr. Ziahet.

*See e.g.* Complaint at paras. 2,37,39,40.  However, such review is explicitly prohibited by

8 U.S.C. § 1252(g):

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including . . . sections 1361 and 1651 of such title [28], *no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

(Emphasis added).  The Supreme Court has recognized this restriction in *Reno v.*

*American–Arab Anti–Discrimination Committee,* 525 U.S. 471, 482 (1999)( 8

U.S.C. § 1252(g) deprives the federal courts of jurisdiction to review "three

discrete actions that the Attorney General may take: her "decision or action" to

"commence proceedings, adjudicate cases, or execute removal orders.").  *See also*

*Cardoso v. Reno,* 216 F.3d at 516.  Because such review is prohibited, Plaintiffs'

due process claims must be dismissed.

16

**B.      Plaintiffs have failed to effect service of process on the Defendants as required by Fed. R. Civ. P. 4(i) and 4(m).**

As previously noted, Plaintiffs' original complaint was filed on March 18, 2016. The Complaint names the following Federal Government officers and employees in their official capacities as Defendants:  John F. Kelly, Secretary of the Department of Homeland Security; James McCament, Acting Director of U.S. Citizenship and Immigration Services; and Tracy Tarango, Field Office Director of the U.S.C.I.S. Dallas Field Office.  It also names the Department of Homeland Security and the U.S. Citizenship and Immigration Services as defendants.  However, none of the named Defendants have been served as of June 7, 2017, which is more than 90 days since the filing of the complaint.

The 90-,day deadline set forth in Fed. R. Civ. P 4(m) for service passed on June 16, 2016, almost one year ago.  The district court record contains two sets of executed summonses filed by the Plaintiffs, purporting to establish service on the named defendants.  *See* Docs. 10-14 and 23-27.  The first set of summonses establishes that the Plaintiffs attempted to serve all defendants by serving the U.S. Department of Justice, Civil Division Office of Immigration Litigation, at 950 Pennsylvania Avenue, NW, Washington D.C. 20530.  The second set shows that the Plaintiff attempted to serve the defendants by serving all summonses on the U.S. Attorney's office for the Eastern District of Texas, at 101 E. Park Blvd., Suite 500, Plano, Texas 75074.  To date, no summons has been returned showing service upon the Attorney General for the United States.

As explained in 6 C.F.R. § 5.42(a)(2017), only the Office of General Counsel is authorized to receive complaints sought to be served upon the Department of Homeland Security, the Secretary of Homeland Security, or Department of Homeland Security employees.  The regulation further states that "all such documents should be delivered or addressed to the Office of the General Counsel, United States Department of Homeland Security, Washington, DC, 20528."  *Id.*  Not only did the Plaintiffs not comply with this regulation, they did not attempt to serve any of the named Defendants at their official addresses[3].  Accordingly, there has been no service effected or even attempted on any of the named Defendants.  Additionally, no return of service has been made demonstrating service upon the Attorney General of the United States as required by Fed. R. Civ. P. 4(i). The complaint should be dismissed for failure to comply with the rules governing service of process.

Under Fed. R. Civ. P. 4(m), Plaintiffs bear the burden of accomplishing proper service of process within 90 days of filing the complaint and *must* show good cause for having failed to do so in order to avoid dismissal.  *See Flory v. United States*, 79 F.3d 24 (5th Cir. 1993) (failure to serve the Attorney General); *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (failure to serve the United States Attorney); *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993) (failure to serve the United States Attorney); *System Signs Supplies v. United States Dept. Of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (failure to serve the United States Attorney); *Florance v. Bush*, No. 3:09-cv-1470-

---

[3]  The Defendant's official addresses were either known to the Plaintiff or are readily available on-line. For example, the Plaintiffs list the Dallas Field Office Director's address in their complaint at paragraph 24.

b-BH, 2010 WL 2730615, at *3 (N.D. Tex. May 25, 2010) (Rule 4(m) requires dismissal

without prejudice when service has not been effected within 120 days of filing the

complaint unless Plaintiff shows good cause to extend the time for service).

     In *System Signs*, 903 F.2d at 1013, the Fifth Circuit explained that:

> To establish good cause, a litigant must demonstrate at least
> as much as would be required to show excusable neglect, as
> to which simple inadvertence of mistake of counsel or
> ignorance of the rules does not suffice . . .  Additionally, the
> claimant must make a showing of good faith and establish
> some reasonable basis for noncompliance within the time
> specified.

*Id.* at 1013 (quoting *Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1306

(5th Cir. 1985). Also, Defendants' actual notice of the litigation does not satisfy the

requirement of proper service under Fed. R. Civ. P. 4.  *See Peters*, 9 F.3d at 345

(improper service of the summons and complaint on the United States is not cured by

actual notice of the action); *System Signs*, 903 F.2d at 1014 (actual notice does not suffice

for service of process).

     Recently, in *Morris v. V4V1 Vehicles for Veterans,* 2017 WL 77682 (E.D. Tex.

January 9, 2017), this Court dismissed a case for insufficient service of process.  The

Court dismissed the Complaint for failure to effect proper service, because, upon

reviewing that record, plaintiff failed to effect proper service on the Defendant within 90

days, and plaintiff failed to show good cause for not effecting timely service.

     This Court has already addressed the issue of Plaintiffs' lack of proper service in

this case three times:  It issued its Notice of Impending Dismissal on May 23, 2016,

(Doc. 8); in reviewing Plaintiffs' Motion for Default Judgment on January 11, 2017, it ordered the Plaintiffs to show compliance with Fed. R. Civ. P. 4(i) to show service on the United States attorney and the Attorney General of the United States (Doc. 20); and, on January 24, 2017, it granted Plaintiffs' petition for a 60-day extension to cure the defective service on the United States (Doc. 22).  To date, Plaintiffs have failed to serve the named defendants in accordance with Fed. R. Civ. P. 4(i) and 4(m), and cannot show good cause for not effecting timely service.  This case should be dismissed pursuant to Rule 12(b)(5) for failure to effect proper service upon the named defendants and the Attorney General of the United States.

## CONCLUSION

This Court should dismiss each of Plaintiffs' claims, under Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6) for lack of subject matter jurisdiction, failure to properly serve the Defendants, and failure to state a claim upon which relief can be granted.

Respectfully submitted,

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY


*/s/ Ruth Harris Yeager*
RUTH HARRIS YEAGER
Assistant United States Attorney
Texas Bar No. 09092700
110 N. College, Suite 700
Tyler, TX   75702
(903) 590-1400
(903) 590-1436 (fax)
Email:  Ruth.Yeager@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of June, 2017, a true and correct copy of the foregoing **Defendants' Motion to Dismiss** has been electronically served on counsel of record, addressed to:

Ryanne Guy Konan
Ryanne Konan Law Office
4 Marshall Rd., Suite 107
Wappingers Falls, NY 12590

<u>/s/ Ruth Harris Yeager</u>
RUTH HARRIS YEAGER
Assistant United States Attorney